**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**FERNANDO R. BOLDEN**                                                    **PETITIONER**

**v.**                                                         **No. 2:04CV199-P-A**

**DONALD A. CABANA, ET AL.**                                          **RESPONDENTS**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the *pro se* petition of Fernando R. Bolden (#39163) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state answered the petition December 9, 2004; the petitioner replied December 20, 2004. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to state a claim upon which relief could be granted – and for failure to exhaust.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary in Parchman, Mississippi. He pled guilty to two charges of burglary and one charge of grand larceny in the Circuit Court of Coahoma County, Mississippi. Bolden was sentenced May 3, 1995, to serve concurrent terms in the Mississippi Department of Corrections of seven years each on the burglary convictions and a consecutive sentence of five years on the grand larceny conviction.

The petitioner was later convicted of the crime of escape in the Coahoma County Circuit Court and sentenced July 17, 1996, to serve a term of five years in the custody of the Mississippi Department of Corrections to run consecutively to the sentences previously imposed.

The petitioner filed the instant Petition for Writ of Habeas Corpus in the Northern District of Mississippi, Delta Division. This federal petition does not challenge the original convictions and sentences that the petitioner is currently serving; rather, the petitioner raises the following claims for relief (as stated by the petitioner):

A. Ground One - Petitioner denied right to parole board appearance. Petitioner serving a twelve (12) years prison sentence under the fifty percent (50%) status law has been denied his right to appear before the parole board for early release consideration.

B. Ground Two - Petitioner's time computed to become an illegal sentence. M.D.O.C. records department, under the guidance of the Superintendent/Warden improperly computed petitioner's sentence, thereby making same to become an illegal sentence.

## Ground One - Entitlement to a Hearing Before the Parole Board

This ground fails to state claim upon which relief could be granted. A *habeas corpus* petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984). In the event the petitioner does not allege violation of a constitutional, his claim must fail. *Irving, supra,* at 1216.

The petitioner does not challenge the constitutionality of his original conviction and sentence in Ground One; rather, he claims that he was not afforded a parole hearing pursuant to Miss. Code Ann. § 47-7-3.

The benefit of reduction in one's sentence through the parole process derives, not from the United States Constitution, but from state statutory law. As such, the petitioner's claim in Ground One does not state a claim under 28 U.S.C. § 2254. *Fierro v. Lynaugh,* 879 F.2d 1276, 1278 (5th Cir. 1989). The establishment of a parole system does not in and of itself create a protected liberty interest in parole; rather, the state creates a liberty interest only when mandatory

statutory language creates a presumption of entitlement to parole once certain objective criteria are met. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 463 (1989).

Mississippi's parole system does not use such mandatory language, as Mississippi Code section 47-7-3, in conjunction with section 47-7-17, provide that matters concerning parole fall within the sound discretion of the Parole Board. *Davis v. Johnson*, 205 F.Supp.2d 616 (citing *Irving, supra*). The Mississippi parole statutes do not contain mandatory language; rather, those statutes employ the "permissive 'may' rather than 'shall' . . ." *Vice v. State,* 679 So. 2d 205, 208 (Miss. 1996). Therefore, the Mississippi Supreme Court has made it clear that prisoners in this state have no constitutionally recognized liberty interest in parole. *Vice,* 679 So. 2d at 208; *see also Smith v. State,* 580 So. 2d 1221, 1225-26 (Miss. 1991); *Harden v. State,* 547 So. 2d 1150, 1151-52 (Miss. 1989). Mississippi's parole statutes give absolute discretion to the Parole Board and thus afford inmates no protected liberty interest in parole. *Scales v. Mississippi State Parole Board,* 831 F.2d 565 (5ᵗʰ Cir. 1987). Therefore, as the petitioner has no right to parole, his claim that he has been deprived of parole is without merit and must fail.

**Ground Two - The State's Failure to Award
the Petitioner Meritorious Earned Time**

The petitioner claims Ground Two that his sentence is "improperly calculated" because he has not been given credit for meritorious earned time. This ground, too, fails to state a claim cognizable in a petition for a writ of *habeas corpus*. The statutes governing the granting of meritorious earned time also contain permissive, rather than mandatory, language. MISS. CODE ANN. § 47-5-142 (Rev. 2004). Whether an inmate accrues meritorious earned time is a matter of grace or privilege. Earning of 'time' would have been deemed a matter of right if the legislature

had employed the word 'shall' instead of 'may.'"  In other words, correctional officials are vested with discretionary power to award time under certain conditions and, therefore, inmates are not entitled to it."  *Ross v. State,* 584 So. 2d 777, 779 (Miss. 1991).  The failure to award meritorious earned time is not a violation of an inmate's federal and state constitutional rights. *Id.* at 780. Under a statutory scheme like Mississippi's, giving prison officials wide discretion in granting meritorious earned time, the prisoner has no liberty interest at stake in the *possibility* of accruing meritorious earned time.  *Irving* 732 F.2d at 1217-18 (5th Cir.1984).  On the other hand, once prison officials award such time to the inmate, "there is a human difference between losing what one has and not getting what one wants;" this difference gives rise to a liberty interest worthy of constitutional protection.  *Greenholtz,* 442 U.S. at 9, 99 S.Ct. at 2105, citing Friendly, "Some Kind of Hearing," 123 U.Pa.L.Rev. 1267, 1296 (1975); *see Davis v. Johnson,* 205 F. Supp. 616, 617-18 (N.D. Miss. 2002).  In this case, the petitioner simply believes that he is entitled to meritorious earned time; he has not yet, however, accrued such time.  As such, his claims in Ground Two must be dismissed.

In sum, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 19th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE